479 A.2d 1385

**Joseph Austin BRISCOE**

v.

**STATE of Maryland.**

**No. 1437, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Sept. 6, 1984.

Certiorari Denied Dec. 21, 1984.

Sherrie R. Berger, Assigned Public Defender, Baltimore, with whom was Alan H. Murrell, Public Defender, on brief, for appellant.

Ann E. Singleton, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., Stephen J. Braun, State's Atty., for Charles County and David H. Chapman, Asst. State's Atty., for Charles County, La Plata, on brief, for appellee.

Submitted before GARRITY, ADKINS and ALPERT, JJ.

ADKINS, Judge.

In a four count information, appellant Joseph Austin Briscoe was charged with manslaughter by motor vehicle (Count 1), homicide by motor vehicle while intoxicated (Count 2), driving while intoxicated (Count 3), and driving while license revoked (Count 4). A jury in the Circuit Court for Charles County (Bowling, J., presiding) convicted Briscoe under counts 1, 3 and 4. According to the docket, it merged count 2 into count 1. Judge Bowling sentenced Briscoe to confinement for five years on the count 1 conviction, to one year concurrent on the count 3 conviction, and to one year on the count 4 conviction, to be served consecutively to the count 3 sentence but concurrently with the count 1 sentence.

The sole error alleged on appeal is that the trial judge should not have instructed the jury as to the statutory inferences of intoxication established by § 10–307 of the Courts and Judicial Proceedings Article. The State concedes that this instruction should not have been given, but argues that the error was harmless. We conclude that Briscoe's argument on this point is more persuasive. Therefore, we reverse the manslaughter (count 1) and driving while intoxicated (count 3) convictions.

Sections 10–302—10–306 of the Courts Article provide for the administration of a chemical test of breath or blood to determine its alcoholic content. These sections also establish certain conditions under which these tests must be

performed. There is no question that in this case all the conditions were not met.[1]

 Section 10–307 sets forth inferences as to intoxication or lack thereof, based on the alcoholic content of the blood analyzed by the tests. The results of a test not performed under the §§ 10–302—10–306 rules may be admitted in evidence. *State v. Moon, supra.* But the statutory inferences of intoxication contained in § 10–307 are not available under those circumstances. *See Fouche v. Masters,* 47 Md.App. 11, 21, 420 A.2d 1279 (1980).

 In the case before us, there was evidence that Briscoe's blood, tested as a result of standard medical procedures and not pursuant to §§ 10–302—10–306, had an alcohol content of .27. A doctor testified that a person with that much alcohol in his blood would be "pretty drunk." There was other evidence tending to show Briscoe's intoxication. Had this evidence and other evidence presented gone to the jury under normal instructions, Briscoe would have little to argue on appeal. That, however, did not occur. In the face of a timely objection, the trial judge read to the jury § 10–307, including subsection (e) which provides

> If at the time of testing there was in the person's blood 0.13 percent or more by weight of alcohol, as determined by an analysis of the person's blood or breath, it shall be prima facie evidence that the defendant was intoxicated.

This instruction, which the State concedes should not have been given, plainly told the jury that they could indulge in a prima facie inference that Briscoe was intoxicated. The statutory "prima facie evidence" language is, of

---

1. As in *State v. Moon,* 291 Md. 463, 436 A.2d 420 (1981) Briscoe's blood test was the product of standard medical procedures. It was not performed pursuant to §§ 10–302—10–306 and 10–309. The specimen of blood was not taken within two hours after Briscoe's apprehension (§ 10–303), there was no showing that Briscoe was permitted to have a physician of his own choosing administer the test (§ 10–304(d)), that the equipment used to perform the test was approved (§ 10–304(e)), or that Briscoe had been permitted to select the type of test administered (§ 10–305).

course, addressed to the trial judge. It tells him, in effect, that if certain evidence has been introduced (after compliance with the statutory preconditions) there is a case sufficient to go to the jury—a case in which the jury may but is not required to find intoxication. In the case before us, we cannot hold that the "prima facie evidence" instruction was not prejudicial so far as the driving while intoxicated charge is concerned. Use of the "prima facie evidence" wording of § 10–307(e) might have incorrectly persuaded the jury that this was a statutory presumption, thus requiring Briscoe to rebut it. Further, use of the statutory language might well have bolstered the doctor's credibility in the jury's eyes and could have provided that degree of certainty needed to produce a verdict beyond a reasonable doubt.

Despite the substantial evidence of intoxication in addition to that produced by the inadmissible statutory test, we are unable "to declare beyond a reasonable doubt, that the error in no way influenced the verdict." *Dorsey v. State,* 276 Md. 638, 659, 350 A.2d 665 (1976).

■ The case is closer on the manslaughter charge. There was evidence of high speed and matters other than intoxication that went to the issue of the gross negligence required to sustain that charge. Moreover, the judge explained that the jury did not have to find intoxication to convict under count 1. Nevertheless, the State argued strongly that Briscoe's intoxication was one of the factors that demonstrated the presence of gross negligence. In any event, reviewing the instructions as a whole, we find references to intoxication so intertwined in all of them that, once again, we cannot say that there "is no reasonable possibility" that the erroneous reading of § 10–307 did not affect the verdict under that count as well. *Dorsey v. State, supra.* As the Supreme Court said in *Sandstrom v. Montana,* 442 U.S. 510, 526, 99 S.Ct. 2450, 2460, 61 L.Ed.2d 39 (1979):

[E]ven if a jury *could* have ignored the presumption ... we cannot be certain that this is what they *did* do. As

the jury's verdict was a general one ... we have no way of knowing that [the defendant] was not convicted on the basis of the unconstitutional instructions [emphasis in original, footnote omitted].

Consequently, we must reverse Briscoe's convictions of manslaughter and driving while intoxicated. The error affecting those judgments does not relate to the driving while revoked conviction which we affirm. Nevertheless, pursuant to Md.Rule 1070, we direct that it be modified to eliminate its concurrent and consecutive aspects. There are no longer other sentences to which it can be either consecutive or concurrent.

JUDGMENTS UNDER COUNTS 1 AND 3 REVERSED.

CASE REMANDED FOR NEW TRIAL. JUDGMENT UNDER COUNT 4 AFFIRMED, SUBJECT TO MODIFICATION AS DIRECTED IN THIS OPINION.

COSTS TO BE PAID BY CHARLES COUNTY.