617 A.2d 1117

**Michael Francis LANGWAY**

v.

**STATE of Maryland.**

**No. 351, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

Jan. 6, 1993.

W. Ray Ford, Bowie, for appellant.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Alexander Williams, Jr., State's Atty. for Prince George's County, Upper Marlboro, on the brief), for appellee.

Argued before GARRITY, BLOOM and HARRELL, JJ.

GARRITY, Judge.

In this case we shall address the question whether the trial judge erred by instructing the jury regarding statutory presumptions applicable to a blood test for alcohol when the test in question was properly admitted into evidence but was not taken and analyzed in conformity with the requirements set forth in Md.Cts. & Jud.Proc.Code Ann. §§ 10–302 through 10–306.

## STATEMENT OF THE FACTS

On the morning of July 13, 1990, at approximately 12:40 a.m., appellant Michael Langway was the driver of a vehicle travelling south on Maryland Route 4. Appellant and the four passengers in the vehicle were returning home from a concert in the District of Columbia, where appellant had consumed four beers. As appellant approached the intersection of Route 4 and Spaulding Drive at a speed of 60–65 miles an hour (5–10 mile per hour over the speed limit), appellant, after urgent warnings from his passengers of an approaching red traffic signal, sharply applied the vehicle's brakes in an attempt to stop. Appellant's vehicle slid on the wet roadway through the intersection and struck an oncoming vehicle operated by William Weaver. Mr. Weaver died from injuries sustained in the collision.

Appellant, who was injured in the collision, was transported by emergency vehicle to the Prince George's Hospital Center. Sometime between 2:30 and 2:36 a.m. hospital personnel took a sample of Mr. Langway's blood in order to perform an analysis for treatment purposes. Hospital laboratory personnel performed a serum blood analysis of appellant's blood sample and the ethanol content of the blood was reported as .08 grams of alcohol per 100 milliliters of blood. Undisputed expert testimony revealed that the results produced by a serum blood alcohol analysis can be as much as 25 percent higher than a whole blood analysis performed on the same sample and that in this case the same blood

sample could have tested as low as 0.6 grams of alcohol per milliliter of blood had the whole blood test been used.

At approximately 3:45 a.m. the police officer investigating the accident interviewed appellant at the hospital and appellant acknowledged that he had consumed four beers at the concert. At approximately 4:00 a.m. the officer read appellant an advice of rights form regarding submission to a chemical test of the breath or blood, which advised appellant that he had been detained and that reasonable grounds existed to believe that he had been driving while intoxicated, or while under the influence of alcohol. Appellant agreed to submit to a blood test. A second sample of appellant's blood was collected at a 4:05 a.m. at the direction of the investigating officer. Using whole blood analysis (as opposed to the serum blood analysis used to test the first sample), this sample was tested at the Maryland Crime Laboratory with a result of .04 grams of alcohol per 100 milliliters of blood.

On November 9, 1990 the Grand Jury for Prince George's County returned a nine count indictment charging appellant as follows:

Count 1: Motor vehicle manslaughter

Count 2: Reckless driving

Count 3: Negligent driving

Count 4: Homicide while intoxicated

Count 5: Driving while intoxicated

Count 6: Driving under the influence

Count 7: Speed greater than reasonable and prudent

Count 8: Failure to control speed to avoid collision with another vehicle

Count 9: Failure to stop at a red light

The case proceeded to a jury trial on December 16, 1991. Over appellant's objection the trial judge admitted into evidence the results of the serum blood test ordered by appellant's treating physician. The blood test result was admitted as a business record, not as a test performed

pursuant to §§ 10–302 through 10–306 of the Md.Cts. & Jud.Proc.Code Ann.

The trial court further ruled that the jury could be instructed to apply the presumptions set forth in Md.Cts. & Jud.Proc.Code Ann. § 10–307 to the results of the serum blood analysis performed at the direction of appellant's treating physician. The defendant objected to this instruction, arguing that the statutory presumptions did not apply to the results of the first blood test. The basis for appellant's objection was that the hospital test was not performed in accordance with the requirements set forth in Md.Cts. & Jud.Proc.Code Ann. § 10–302 through 10–306. The trial judge, however, adopted the State's argument and ruled that the presumptions were applicable with regard to the first test because that test had been given within two hours of the accident and had been performed by medical personnel.

At the conclusion of the evidence the trial judge granted defendant's motion for judgments of acquittal as to Counts 4 and 5. Prior to the submission of the case to the jury the State nolle prossed Counts 2 and 8 without objection. The jury subsequently returned a verdict of guilty on each of the remaining counts. The court merged Counts 3, 7 and 9 with Count 1 and sentenced appellant to five years incarceration, with all but 18 months suspended, and ordered that appellant be placed on supervised probation for two years following his release from incarceration. As to Count 6, the court stayed the entry of judgment pursuant to Art. 27, § 641.

## QUESTION PRESENTED

The issue presented on appeal is whether, with regard only to the first blood test, the trial judge should not have instructed the jury as to the statutory presumption regarding intoxication established by Md.Cts. & Jud.Proc. Code Ann. § 10–307.

## ANALYSIS

Sections 10–302 through 10–306 of the Cts. and Jud.Proc. Article provide for the administration of a chemical test of breath or blood to determine its alcohol content. There is no question that the requirements set forth in these sections were not met in the administration of the first blood test. Section 10–304(c) provides that "blood shall be obtained by qualified medical person using equipment approved by the toxicologist under the Postmortem Examiners Commission acting at the request of a police officer". At trial there was no evidence regarding the identity of the person who took the first blood sample nor was there any evidence that the equipment used to analyze the sample was properly approved.

■ Non-compliance with the requirements of §§ 10–302 through 10–306 is not a bar to the admission into evidence of the test results. *State v. Moon,* 291 Md. 463, 436 A.2d 420 (1981), *cert. denied,* 469 U.S. 1207, 105 S.Ct. 1170, 84 L.Ed.2d 321 (1985). Indeed, in this case neither party disputes that the results of the first blood test were properly admitted into evidence as a business record.

■ This court has, however, previously held that the statutory presumptions set forth in § 10–307 of the Cts. and Jud.Proc. Article are not available with regard to blood alcohol tests not taken and analyzed in conformity with the requirements of §§ 10–302 through 10–306. *Fouche v. Masters,* 47 Md.App. 11, 420 A.2d 1279 (1980). This bar against the use of the statutory presumptions set forth in § 10–307 is operative even where the test is performed in accordance with standard medical procedures. *Briscoe v. State,* 60 Md.App. 42, 479 A.2d 1385, *cert. denied* 302 Md. 8, 485 A.2d 249 (1984).

The trial judge instructed the jury regarding the results of the blood alcohol tests as follows:

Now, in the law, we have what we call statutory presumptions, which I'm going to tell you about, with regard

to the results of those tests. The alcohol tests. There were two of them in this particular trial.

Number one, if at the time of testing, a person has an alcohol concentration of more than .05, but less than point .07 as determined by an analysis of a person's blood or breath, this fact may not give rise to any presumption that the defendant was or was not intoxicated. Intoxicated is a greater degree than impaired. Or that the defendant was or was not driving while under the influence of alcohol.

But this fact may be considered with other competent evidence in determining the guilt or innocence of the defendant. If at the time of testing, a person has an alcohol concentration of .05 or less as determined by an analysis of the person's blood or breath, it shall be presumed that the person was not intoxicated, and that the defendant was not driving while under the influence of alcohol.

I'm going to tell you, intoxication is not involved in this case, because the statutory presumption for intoxication has to be .10 or higher. That's not involved in this case. That's why I'm giving you instructions on driving while impaired.

It was appropriate for the trial judge to instruct the jury regarding the statutory presumption arising out of the second test performed in accordance with §§ 10–302 through 10–306. As the result of this test was .04 grams of alcohol per 100 milliliters of alcohol, the presumption associated with this result is that the defendant was not intoxicated or under the influence of alcohol.

The earlier part of the instruction dealing with test results greater than .05 and less than .07 should not have been given by the trial judge since the test result that falls in this category was not arrived at in conformity with §§ 10–302 through 10–306 of the Cts. & Jud.Proc. Art. Moreover, the trial judge should have specifically instructed the jury that no statutory presumption was applicable to the first blood alcohol test.

**414**

■ We are not convinced by the State's contention that the error in instructing the jury was harmless beyond a reasonable doubt. Consequently, we must reverse Langway's conviction for motor vehicle manslaughter.

JUDGMENTS AFFIRMED AS TO COUNTS # 3, # 7 AND # 9; JUDGMENT REVERSED AS TO COUNT # 1; THREE-FOURTHS OF COSTS TO BE PAID BY APPELLANT; ONE-FOURTH OF COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.